**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



IRON WORKERS DISTRICT COUNCIL OF
WESTERN NEW YORK AND VICINITY
PENSION FUND, et al.,

               Plaintiff(s),

  v.

D.C. SCOTT, INC., et al.,

               Defendant(s).

**DECISION AND ORDER**
10-cv-6373

### Preliminary Statement

On June 22, 2011, the Court [Telesca, J.] granted plaintiff's motion for default judgment in this action on grounds, *inter alia*, that defendants never appeared in the action. See Order (Docket # 14). On June 23, 2011, the Clerk of the Court entered a Default Judgement for plaintiffs against defendants in this action in the amount of $300,146.67 plus interest calculated from June 2, 2011 and closed the case. See Docket # 15. On April 25, 2012, plaintiffs filed a motion to compel (Docket # 16) pursuant to Rules 37 and 69 of the Federal Rules of Civil Procedure, which is currently pending before the Court. Defendants were ordered to respond to plaintiffs' motion by May 11, 2012 at which time the matter would be deemed submitted. The defendants did not respond to the motion.

### Discussion

Plaintiffs seek an Order compelling defendant Donald Scott (i) to produce his records in response to plaintiffs' Request for

Production of Documents, (ii) to appear for deposition, and (iii) to pay $1,383.06 to plaintiffs' counsel, "such monies representing the attorneys' and paralegal fees and costs and disbursements incurred by Plaintiffs in connection with attempting to obtain a response to their discovery requests and in bringing this motion." See Docket # 16. In addition, plaintiffs seek an Order finding defendant Scott in contempt if he refuses to comply with any Order of this Court directing a response to the instant motion to compel. Id.

Plaintiffs assert that defendants "have not satisfied the judgment" and, therefore, "[i]n an effort to locate assets to satisfy the judgment" they served defendant Scott with a "Request for Production of Documents and Notice to Take Deposition." See Affidavit of Jennifer A. Clark, Esq. (hereinafter "Clark Aff.") annexed to Docket # 16 at ¶¶ 3-4. Plaintiffs seek "information concerning Defendant Donald Scott's assets and liabilities, information needed to enforce the judgment." Id. at ¶ 4. Defendant Scott's response to plaintiffs' discovery demands was due on August 31, 2011, the same day he was due to appear for deposition. However, the "document production and deposition have been adjourned eight (8) times since August 2011 at the request of Defendant Scott." Id. at ¶ 5. Prior to filing the instant motion, plaintiffs made another attempt to confirm a deposition date for defendant Scott, but again they were told that he would not appear

for a deposition. Id. at ¶ 7. Plaintiffs maintain that they have made good faith efforts to obtain defendant Scott's compliance with their discovery requests, to no avail. Id. at ¶ 8.

Plaintiffs contend that under the Iron Workers District Council of Western New York and Vicinity Pension and Welfare Funds' Collections Policy, defendants are liable for all attorneys' fees and costs incurred by plaintiffs in attempting to collect the funds owed. Id. at ¶ 11. The Collections Policy states that:

> If Funds' Counsel performs services, which may include, but are not limited to, the commencement of legal or agency proceedings against the Employer, to recover the amounts owed to the Funds pursuant to this section, the Employer is obligated to reimburse the Funds for all attorneys' fees and paralegals' fees, auditing fees, and all costs and disbursements incurred by the Funds in attempting to collect the Funds' monies.

See Exhibit "D" attached to Clark Aff. at Section 1(i). Plaintiffs' counsel avers that the attorneys and paralegals' fees and costs incurred by plaintiffs as a result of plaintiffs' counsel's efforts here total $1,383.06, for which defendants are contractually responsible. See Clark Aff. at ¶ 14. Plaintiffs argue that defendant Scott is preventing them "from determining the location of [his] assets to satisfy the judgment," they "have been burdened with the expense of attorneys' and paralegal fees and costs in seeking to obtain records and in bringing this motion," and, as a result, "Plaintiffs must be awarded $1,383.06 for expenses incurred as a result of Defendant Donald Scott's wrongful and deliberate failure to respond to Plaintiff's discovery requests." Id. at ¶¶ 12-13, 15.

3

## Discussion

Rule 69(a)(2) of the Federal Rules of Civil Procedure ("FRCP") provides that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." T-M Vacuum Prods., Inc. v. Taisc, Inc., No. H-07-4108, 2008 WL 5082413, at *2 (S.D. Tex. Nov. 25, 2008)(citing 13 James Wm. Moore et al., Moore's Federal Practice-Civil § 69.04 (2008)).

Here, plaintiffs have pursued discovery in aid of their judgment. Defendants have failed and apparently refuse to respond to plaintiffs' discovery demands. The defendants in this case have a long history of failing to respond to the plaintiffs' requests, as well as the Court's Orders. Accordingly, the Court, having reviewed the papers submitted in support of plaintiffs' motion, including plaintiff's Request for Production of Documents (attached as Exhibit "B" to Clark Aff.), and upon consideration of the circumstances here, hereby Orders that: (1) Plaintiffs' motion to compel (Docket # 16) is **granted**; (2) Defendant Scott shall produce

the records requested in plaintiffs' Request for Production of Documents within fifteen days of entry of this Order; (3) Defendant Scott shall appear for deposition within thirty days of entry of this Order; and (4) Defendant Scott shall pay $1,383.06 in attorneys and paralegals' fees and costs to plaintiffs' counsel within thirty days of entry of this Order.

Defendants are advised that if they fail to comply with this Order they risk being held in contempt of court under FRCP Rule 37(b).

## Conclusion

Plaintiffs' motion to compel (Docket # 16) is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 12, 2013
Rochester, New York

5